**David ELIAS, Plaintiff–Appellant,**

v.

**Janet A. NAPOLITANO, in her official capacity as Secretary of Department of Homeland Security; Department of Homeland Security, Defendants–Appellees.**

**No. 11–57056.**

United States Court of Appeals,
Ninth Circuit.

---

Submitted May 14, 2013.*

Filed May 21, 2013.

David Elias, Westminster, CA, pro se.

Richard M. Park, Assistant U.S., USLA–Office of the U.S. Attorney, Los Angeles, CA, Assistant U.S. Attorney SA–CV, AUSA–Office of the U.S. Attorney Santa Ana Branch Office, Santa Ana, CA, for Defendants–Appellees.

Before LEAVY, THOMAS, and MURGUIA, Circuit Judges.

## MEMORANDUM **

David Elias appeals pro se from the district court's summary judgment in his disability discrimination action alleging claims under, among other statutes, the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1005 (9th Cir. 2007), and we affirm.

The district court properly granted summary judgment on Elias's claim under the Rehabilitation Act because Elias failed to raise a genuine dispute of material fact as to whether his diabetes constituted a disability or resulted in him being regarded as disabled, and whether he suffered employment discrimination on the basis of a disability. *See Johnson v. Bd. of Trs. of Boundary Cnty. Sch. Dist. No. 101*, 666 F.3d 561, 564 & n. 1 (9th Cir.2011) (expan-sion of how "disability" is defined under the ADA Amendments Act of 2008 is effective January 1, 2009, and does not apply retroactively); *Walton*, 492 F.3d at 1005–06 (discussing elements of prima facie case of disability discrimination under the Rehabilitation Act, as incorporated from standards of liability under the ADA, as well as the requirements for a "regarded as" claim); *see also Fraser v. Goodale*, 342 F.3d 1032, 1038, 1041–43 (9th Cir.2003) (explaining that whether a person is disabled under comparable ADA provision is an individualized inquiry, and finding a triable dispute as to whether plaintiff's diabetes was a disability because her treatment regimen substantially limited her in performing a major life activity).

Elias's contentions regarding the alleged admission of "junk science" and his entitlement to reasonable accommodations are unpersuasive.

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.